UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:95-00074 |
| | ) | Judge Sharp |
| GLENN D. GOLD | ) | |

**MEMORANDUM**

Pending before the Court are the following Motions filed by *pro se* Defendant Glenn D. Gold: (1) Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 (Docket No. 162); (2) Motion to Reopen With Appointment of Counsel in Light of Lafler and Frye (Docket No. 163); and (3) Motion to Reopen Pursuant to the Fair Sentencing Act and for the Appointment of Counsel (Docket No. 164). For the reasons that follow, the Motion for Sentence Reduction will be denied and the Motions to Reopen will be transferred to the Sixth Circuit Court of Appeals.

**I. Background**

On August 9, 1995, a federal grand jury returned an Indictment against Defendant and Dennis B. Bell. On October 22, 1996, a jury convicted Defendant of conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (Count One); possessing with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two); using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Three); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). Judge Echols sentenced Defendant to life imprisonment on Counts 1 and 2, five years on Count 3 to run consecutively with Counts 1 and 2, and 360 months on Count 4 to run concurrently with Counts 1 and 2. The convictions and sentences were affirmed on direct appeal in United States v. Gold, 1998 WL 708732 (6th Cir. Sept. 29, 1998).

1

Thereafter, Judge Echols denied Defendant's 28 U.S.C. § 2255 motion to vacate sentence and declined to issue a certificate of appealability. Defendant then filed an application for permission to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255, which the Sixth Circuit denied on April 20, 2006.

On November 6, 2008, Defendant filed a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). Two days later, appointed counsel filed a "Motion Regarding Reduction of Sentence Under the 'Crack' Amendment, U.S.S.G. § 1B1.10" that conceded Defendant's life sentence was not based upon the quantity of crack cocaine involved, but was based upon the fact that Defendant had at least two prior convictions for a felony drug offense. By Order dated March 17, 2010, Judge Echols denied both motions, finding that Defendant's convictions on Counts One and Two "required a statutory mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) in view of the fact that the Defendant had two or more prior felony drug convictions that had become final." (Docket No. 156 at 1). That Order was affirmed on appeal. (Docket No. 160).

After Judge Echols left the bench and the case was transferred to the undersigned, Defendant filed the presently pending motions. The Court considers those Motions in turn.

## II. Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)

In this Motion, Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c) based upon the "new sentencing scheme" imposed as a result of the recent "crack amendments." (Docket No. 162 at 1). Just as Defendant was not entitled to a sentence reduction in 2008, he is not entitled to such a reduction now.

"Normally, federal courts cannot disturb or recalculate a prisoner's sentence once it is finally imposed[.]" United States v. Blewett, 746 F.3d 647, 665 (6th Cir. 2013). However, there are limited

exceptions to this rule found in 18 U.S.C. § 3582(c). Specifically, a court may reduce a sentence

> (1) where the BOP has filed a motion, and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the United States Sentencing Commission and certain other requirements are met, see id. § 3582(c)(2).

United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008) (identifying same statutory factors). "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" United States v. Williams, 607 F.3d 1123, 1125 (6th Cir. 2010) (quoting United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997)).

Defendant relies on Amendment 750 to the Sentencing Guidelines as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B)(2). "Amendment 750 lowered the guideline ranges applicable to crack-cocaine offenses, and Amendment 759 made parts of Amendment 750 available for retroactive application to defendants sentenced under the prior regime." United States v. Garrett, 2014 WL 3397144, at *2 (6th Cir. July 14, 2014). However, to avail himself of the changes brought by Amendment 750, a defendant must show that his sentence was based upon a certain drug quantity, United States v. Tate, 2014 WL 2922697, at *2 (6th Cir. June 27, 2014), that is, "the drug quantity range for crack offenses found in USSG § 2D1.1," United States v. Kelley, 2014 WL 2922699, at *2 (6th Cir. June 27, 2014).

Here, Defendant's life sentence was not based on the amount of cocaine involved; it was based upon the fact that he had two qualifying drug convictions at the time of the offense. "Amendment 750 did not and could not lower the statutory mandatory minimum sentence," Garrett, 2014 WL 3397133, at *3, "because the statutory minimum term of imprisonment trumps [an] otherwise applicable guideline

3

range." Kelley, 2014 WL 2922699, at *5; see also United States v. Moody, 526 F. App'x 576, 579 (6th Cir. 2013) ("The Sentencing Commission, of course, has no power to reduce a mandatory minimum sentence set by Congress, and Amendment 750 has no effect on the mandatory minimum for [defendant's] crime"); United States v. Wherry, 518 F. App'x 434, 439 (6th Cir. 2013) (stating that mandatory sentence for career offender "was not lowered by U.S..S.G. Amendment 750" and, thus, defendant's "sentence may not be revisited"); United States v. Williams, 512 F. App'x 594, 597 (6th Cir. 2013) (stating that while Amendment 750 reduced the base offense level applicable to crack cocaine offense and Amendment 759 made it retroactive, the Fair Sentencing Act "does not retroactively amend the statutory minimum sentence" under 28 U.S.C. § 841(b)(1)); United States v. Tillman, 511 F. App'x 519, 521 (6th Cir. 2013) ("Although Amendment 750 is retroactive, it cannot benefit [defendant] because his sentence was derived from his status as a career offender, rather than from the quantity of drugs for which he was held responsible").

"A motion under 18 U.S.C. § 3582(c)(2) is a narrow remedy which allows a challenge to an existing sentence only where there has been a retroactive change to the sentencing guidelines applicable to the offense of conviction." United States v. Badley, 478 F. App'x 299, 300 (6th Cir. 2012). "Because [Defendant] was sentenced to a statutory mandatory minimum, he can raise no challenge to his sentence under § 3582(c)(2)." Id. This Motion will therefore be denied.

### III. **Motion to Re-Open in Light of Lafler and Frye**

In this Motion, "ask[s] this Court in the interest of justice to conduct a 'Bill of Review'" as to "Defendant[']s non-acceptance of the Government[']s offered plea deal . . . in the wake of" the recent decision of the United States Supreme Court in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012). (Docket No. 163 at 1-2). "Frye and Lafler recognize that plea

4

negotiations are central to the American system of criminal justice . . . [a]nd together the decisions make clear that the right to counsel applies in postindictment plea negotiations even if the negotiations have no effect on the fairness of a conviction." Kennedy v. United States, 2014 WL 2853848, at *2 (6th Cir. June 24, 2014).

Defendant insists that he is entitled to relief under Lafler and Frye. He argues counsel was deficient and Defendant suffered prejudice when the Government's verbal plea offer of imprisonment for 188 to 235 months was not communicated to him, particularly since, allegedly unbeknownst to Defendant, he faced a mandatory life sentence absent a plea agreement.

Leaving aside that it has been held that neither Lafler nor Frye announced a new rule of constitutional law but merely clarified how Strickland v. Washington, 466 U.S. 668 (1984), applies to plea negotiations, see In re Liddell, 722 F.3d 737, 738 (6th Cir. 2013) and In re Graham, 714 F.3d 1181, 1183 (10th Cir. 2013), this Court is without jurisdiction to entertain the claim. Defendant is attacking the validity of his underlying conviction for which a Section 2255 motion to vacate is the proper vehicle, not a motion under Section 3582.

Because Defendant has already filed a Section 2255 petition, any second or successive petition must be authorized by the Sixth Circuit. See United States v. Carter, 500 F.3d 486, 491 (6th Cir. 2007); 28 U.S.C. § 2255 (h)(1). Accordingly, this Motion will be transferred pursuant to 28 U.S.C. § 1631 to the Sixth Circuit for its consideration. See Purnell v. United States, 496 F. App'x 596, 599 (6th Cir. 2012); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Moore v. United States, 2014 WL 2862616, at *2 (M.D. Tenn. June 24, 2014).

### IV. Motion to Re-Open Pursuant to the Fair Sentencing Act

In this Motion, Defendant asks the Court to apply the Fair Sentencing Act retroactively in

accordance with the Sixth Circuit's May 17, 2013 panel decision in United States v. Blewett, 719 F.3d 482 (6th Cir. 2013). There, a panel of the Sixth Circuit held that the new crack cocaine sentencing levels of the Fair Sentencing Act should be given retroactive effect based upon equal protection grounds. However, upon rehearing *en banc*, the Sixth Circuit held that the provisions in the Fair Sentencing Act that increased the amount of crack cocaine needed to activate the mandatory minimum, and lowered the crack-to powder cocaine ratio from 100-to-1 to 18-to-1, did not apply to defendants who were sentenced before August 3, 2010, the effective date of the Act. in United States v. Blewett, 746 F.3d 647 (6th Cir. 2013) (*en banc*).

Defendant quotes Freeman v. United States, 131 S. Ct. 2685, 2694 (2011) for the proposition that "Congress enacted § 3582(c)(2) to remedy systemic injustice." True, but the Supreme Court also observed that "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Id. at 2693. As the *en banc* decision in Blewett pointed out, Section 3582(c)(2) "permits criminal defendants to seek a sentence reduction when the Sentencing Commission lowers a guideline range . . . [b]ut it does not permit criminal defendants to transform a non-retroactive reduction in penalties enacted by Congress into a retroactive one." 746 F.3d at 656. "Thus, [Defendant] cannot apply the FSA to retroactively lower his mandatory minimum under § 3582(c)(2)." Kelley, 2014 WL 2922699, at *2.

Though couched as a Motion brought under the Fair Sentencing Act, the panel opinion in Blewett, and Section 3582, the bulk of Defendant's Motion is devoted to arguing that certain state court convictions were wrongly used to trigger the sentencing enhancement, that Count Three of the Indictment failed to charge an offense, that his sentence on Count Four was improper because he was not an armed career criminal, and that the Government did "not meet its burden of proof" in establishing the prior

6

conviction. In a subsequently filed "Judicial Notice," (Docket No. 165 at 1) Defendant relies on Peugh v. United States, 133 S. Ct. 2072 (2013) (which has been held to be inapplicable on collateral review, Rogers v. United States, 2014 WL 272121, at *3 (March 13, 2014)) for the proposition that use of his "1981 conviction violates the *Ex Post Facto* Clause." In another "Judicial Notice," (Docket No. 155 at 1) Defendant cites Descamps v. United States, 133 S. Ct. 2276 (2013) (which did "not announc[e] a new rule," United States v. Davis, 751 F.3d 769, 885 (6th Cir. 2014)) for the proposition that "courts must now use the modified categor[ical] approach" in determining whether a defendant admitted to, or was convicted of, a predicate offense for purposes of a sentencing enhancement.

All of these arguments are challenges to the validity of Defendant's underlying convictions and sentence. "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence." United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). And when a motion "attacks the petitioner's underlying conviction or sentence that is an attack on the merits of the case[,] should be construed as a § 2255 motion, [and] is subject to the authorization process mandated by In re Sims." Carter, 500 F.3d at 490. Accordingly, this Motion will also be transferred to the Sixth Circuit.

## V. Conclusion

On the basis of the foregoing, Defendant's Motion for a Reduction in Sentence will be denied. His Motions to reopen will be transferred to the Sixth Circuit for its determination as to whether Defendant should be allowed to file a second or successive Motion under Section 2255.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE